UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE D. SMITH, | No. 2:13-cv-1830 TLN AC PS |
| Plaintiff, | |
| v. | ORDER |
| AZIZ SHARIAT, ET AL., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. Plaintiff seeks relief pursuant to and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3 490 U.S. at 327.

4       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

5 which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

6 support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

7 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

8 Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

9 this standard, the court must accept as true the allegations of the complaint in question, Hospital

10 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

11 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

12 McKeithen, 395 U.S. 411, 421 (1969).

13       As best as the court can determine on review of plaintiff's disjointed pleading, plaintiff

14 brings suit against Camp Chaquita Camp Ground and Family RV Park ("Camp Chaquita"), in

15 Georgetown, California; Aziz Shariat as the owner of Camp Chaquita; Georgetown Mini Storage;

16 and Yanasa, Inc. for purportedly evicting plaintiff from Camp Chaquita following the arrival of a

17 drug dealer named Donna Carpenter who burglarized plaintiff's residence.  Compl., ECF No. 1 at

18 6.  Plaintiff brings suit pursuant to 42 U.S.C. § 1983, but fails to establish that any of the

19 defendants are state actors.  Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001) ("To state a

20 claim under [42 U.S.C.] § 1983, the plaintiff must allege a violation of his constitutional rights

21 and show that the defendant's actions were taken under color of state law.").  Furthermore, there

22 are no allegations directed to either Georgetown Mini Storage or Yanasa, Inc.  The court therefore

23 finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine

24 whether the current action is frivolous or fails to state a claim for relief.  The court has determined

25 that the complaint does not contain a short and plain statement as required by Federal Rules of

26 Civil Procedure 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint

27 must give fair notice and state the elements of the claim plainly and succinctly.  Jones v.

28 Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least

1  some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.
2  Id. Because plaintiff has failed to comply with the requirements of Rule 8(a)(2), the complaint
3  must be dismissed. The court will, however, grant leave to file an amended complaint.
4      If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional
5  grounds upon which the court's jurisdiction depends. Fed. R. Civ. P. 8(a). Further, plaintiff must
6  demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal
7  rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).
8      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
9  make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended
10 complaint be complete in itself without reference to any prior pleading. This is because, as a
11 general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
12 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
13 longer serves any function in the case. Therefore, in an amended complaint, as in an original
14 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
15     In accordance with the above, IT IS HEREBY ORDERED that:
16     1. Plaintiff's application to proceed in forma pauperis is granted;
17     2. Plaintiff's complaint is dismissed; and
18     3 Plaintiff is granted thirty days from the date of service of this order to file an amended
19 complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the
20 Local Rules of Practice; the amended complaint must bear the docket number assigned this case
21 and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the
22 amended complaint; failure to file an amended complaint in accordance with this order will result
23 in a recommendation that this action be dismissed.
24 DATED: September 11, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

28 /mb;smit1830.ifpgrant.lta

3