UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE D. SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>AZIZ SHARIAT, ET AL.,<br><br>        Defendants. | No. 2:13-cv-1830 TLN AC PS<br><br><br><u>ORDER</u> |

Pending before the court is defendant Aziz Shariat's January 17, 2014 motion to dismiss, set for hearing on April 2, 2014. The court has determined that the matter shall be submitted upon the record and briefs on file and accordingly, the date for hearing of this matter shall be vacated. E.D. Local Rule 230. On review of the motion and the documents filed in support and opposition, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL ALLEGATIONS

The operative first amended complaint ("FAC") is, like the original pleading, disjointed and difficult to comprehend. As best as the court can discern, plaintiff entered into a contract with Don Bagwell, manager of the Chiquita Family Camp Ground and RV Park ("Camp Chiquita"), to perform work on the grounds, including investigation of the campground residents' drug use and the accuracy of the electrical meters on the grounds. As to the electrical meters, plaintiff noticed that Camp Chiquita was padding the charges for its own profit.

1    In April 2012, plaintiff purchased a large trailer and rented Space #17 at Camp Chiquita.
2    Plaintiff alleges that after he moved into the space and made note of the electrical overcharges,
3    Shariat, the owner of Camp Chiquita, began harassing, intimidating and physically threatening
4    him. Shariat allegedly directed management to write up false complaints regarding plaintiff,
5    including that plaintiff physically threatened residents at Camp Chiquita. Plaintiff accuses Shariat
6    and others of participating in a conspiracy to oust him from Camp Chiquita.

7    On August 3, 2012, plaintiff's trailer was burglarized by a woman previously identified as
8    a drug addict. Several thousands of dollars and other items were taken from plaintiff's home.
9    Plaintiff claims the El Dorado Sheriff's Department did not respond to this burglary in a timely
10   manner. When two deputies, Gennai and Funk, did arrive at plaintiff's home many days later,
11   they allegedly threatened plaintiff. Plaintiff also accuses Lee Vinning, an insurance agent, of
12   improperly processing plaintiff's insurance claim as to this burglary.

13   On February 4, 2013, plaintiff moved out of Camp Chiquita.

14                              PROCEDURAL BACKGROUND

15   Plaintiff initiated this action on September 4, 2013. On September 12, 2013, the
16   undersigned granted plaintiff's request to proceed in forma pauperis ("IFP") and screened the
17   complaint, finding it to be so vague and conclusory that the court was unable to determine
18   whether the action was frivolous or failed to state a claim. The complaint was therefore
19   dismissed and plaintiff was directed to file an amended complaint.

20   On October 15, 2013, plaintiff filed the operative FAC and invoking the court's
21   jurisdiction pursuant to 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 626, 42 U.S.C. § 12117, and 42
22   U.S.C. §1983 et seq. He also purportedly brings claims pursuant to, inter alia, the Americans
23   with Disabilities Act and the Fourth, Fifth and Fourteenth Amendments of the Constitution.

24   Before the court had an opportunity to screen the first amended complaint, plaintiff served
25   all defendants. See ECF No. 5. The instant motion to dismiss was filed thereafter.[1] Plaintiff
26   opposes the motion.

---

[1] Also pending is defendants Linda Hilts and Evergreen MGA's motion to dismiss. ECF No. 11. This matter is set for hearing on April 23, 2014.

## LEGAL STANDARDS

The purpose of a motion to dismiss pursuant to this rule is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

## DISCUSSION

Having examined the amended complaint, the court agrees with defendant that plaintiff fails to provide sufficient facts that, accepted as true, would state a cognizable claim for relief. While Federal Rule of Civil Procedure 8 does not require detailed factual allegations in a pleading, it does require more than unadorned "the defendant unlawfully harmed me" accusations. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiff's claims are conclusory and lacking sufficient details to enable the court (or the defendants) to determine the precise nature of plaintiff's claims. In short, plaintiff's amended complaint falls well below Rule 8's standards.

1 | Moreover, as with the original complaint, the basis of this court's jurisdiction is unclear.
2 | Although plaintiff invokes a string of federal statutes, he does not meet his burden in showing that
3 | jurisdiction is proper based on the facts of *this* case. Kokkonen v. Guardian Life Ins. Co., 511
4 | U.S. 375, 377 (1994). This burden, at the pleading stage, must be met by pleading sufficient
5 | allegations to show a proper basis for the court to assert subject matter jurisdiction over the
6 | action. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P.
7 | 8(a)(1). Plaintiff does not show, for example, how the breach of contract claim or claim for
8 | improper eviction are properly before the court. Additionally, although plaintiff invokes the
9 | Americans with Disabilities Act, which suggests that a disability is somehow involved in this
10 | action, he does not identify his disability.

11 | Based on the foregoing, the first amended must be dismissed. If plaintiff chooses to file a
12 | second amended complaint, he must set forth the jurisdictional grounds upon which the court's
13 | jurisdiction depends. Fed. R. Civ. P. 8(a). Further, plaintiff must demonstrate how the conduct
14 | complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625
15 | F.2d 227 (9th Cir. 1980).

16 | In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
17 | make plaintiff's second amended complaint complete. Local Rule 15-220 requires that an
18 | amended complaint be complete in itself without reference to any prior pleading. This is because,
19 | as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay,
20 | 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original
21 | pleadings no longer serves any function in the case. Therefore, in an amended complaint, as in an
22 | original complaint, each claim and the involvement of each defendant must be sufficiently
23 | alleged.

24 | In accordance with the above, IT IS HEREBY ORDERED that:
25 | 1. The April 2, 2014 hearing on defendant's motion to dismiss is vacated from calendar;
26 | 2. Defendant's January 17, 2014 motion to dismiss (ECF No. 6) is granted;
27 | 3. Plaintiff's first amended complaint is dismissed;
28 | 4. Defendants Linda Hilts and Evergreen MGA's March 18, 2014 motion to dismiss

(ECF No. 11) is denied as moot;

5. The April 23, 2014 hearing on Linda Hilts and Evergreen MGA's motion to dismiss is vacated from calendar;

6. Plaintiff's March 4, 2014 motion for default judgment (ECF No. 9) is denied as moot;

7. The April 2, 2014 hearing on plaintiff's motion for default judgment is vacated from calendar; and

8. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled " Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: March 27, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE